UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIE GOODMAN,<br><br>    Plaintiff,<br><br>v.<br><br>COOLVESTMENT LLC dba DAYS INN & SUITES, an Oregon limited liability company; and JOHN DOE, individually,<br><br>    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>DIVERSITY OF CITIZENSHIP<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

TO:             Clerk of the Court;

AND TO:    Marie Goodman, Plaintiff; and

AND TO:    Kell, Alterman, & Runstein, L.L.P., Plaintiff's attorneys of record.

PLEASE TAKE NOTICE that Defendant COOLVESTMENT LLC dba DAYS INN & SUITES ("Coolvestment") and JOHN DOE ("Nirav Patel") ("Defendants"), by this Notice, now affect the removal of the state action (Case No. 23-2-00900-06, filed on April 11, 2023 and service accepted on April 18, 2023 by Counsel Megan J. Crowhurst  (WSBA #50527) on behalf of Coolvestment) described below from the Superior Court of the State of Washington in and for the County of Clark to the United States District Court for the Western District of Washington at Tacoma.  This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446.

NOTICE OF REMOVAL TO FEDERAL COURT - 1

Littler Mendelson, P.C.
1300 SW 5th Avenue
Wells Fargo Tower – Ste 2050
Portland, Oregon 97201

In support of its Notice of Removal, Defendants provide the following information:

## JURISDICTION

1. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441. Defendants are represented by the undersigned counsel and consent to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS

2. On April 11, 2023, Plaintiff initiated a civil action in Clark County Superior Court by filing a copy of the Summons and Complaint with that Court. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Exhibit 3**.

3. On April 18, 2023, Counsel Anthony Kuchulis (WSBA #50527) accepted service on behalf of Coolvestment. A true and correct copy of the Acceptance of Service is attached as **Exhibit 4**.

4. On May 2, 2023, Defendants filed an Answer and compulsory counterclaims ("Answer") in response to Plaintiff's Complaint. A true and correct copy of Defendants' Answer and Counterclaims is attached as **Exhibit 5**.

5. By signing this Notice of Removal, Defense Counsel verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendants have received in the state court proceeding.

//
//
//
//

## DIVERSITY OF CITIZENSHIP

6.  Coolvestment is a citizen of the state of Oregon, and not the state of Washington. At the time this action was commenced (and continuing to today), Coolvestment was a citizen of the state of Oregon because its members are citizens of Oregon. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"). Coolvestment is a Limited Liability Company registered in the state of Oregon and owned by its two members, Ashraf Ahmed and Enamul Amyeen. *See* Coolvestment's Corporate Disclosure Statement. Both members are citizens of the state of Oregon. *Id.*

7.  An individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity, domicile "is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citations omitted).

8.  At the time this action was commenced, and at all times relevant to the allegations set forth in the Complaint, Nirav Patel was a citizen of the state of Oregon and not the state of Washington. *See* Defendants' Answer, ¶ 3.

9.  At the time this action was commenced, and at all times relevant to the allegations set forth in the Complaint, Plaintiff Marie Goodman was a citizen of the state of Washington. *See* Complaint, ¶ 1.

## AMOUNT IN CONTROVERSY

10.  This action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

11.     Plaintiff's Complaint is silent as to the total amount of monetary relief claimed. However, Plaintiff's failure to specify the total amount of claimed relief does not deprive the Court of jurisdiction. Defendants need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted). Under this standard, Defendants must only provide evidence establishing that it is "more likely than not" the amount in controversy exceeds the jurisdictional threshold. *Sanchez,* 102 F.2d at 404.

12.     Plaintiff's Complaint requests that the Court award her "compensatory economic and noneconomic damages to be determined at trial pursuant to RCW 49.60.030(2)" and "an award of attorney fees pursuant to RCW 49.60.030(2) . . . ." for each of her two causes of actions. Complaint, ¶¶ 15-16, 21-22.

13.     Accordingly, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction.

**PROCESS AND VENUE**

14.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). On April 18, 2023, Counsel Anthony Kuchulis (WSBA #50527) accepted service on behalf of Defendant Coolvestment. Thus, this removal is timely filed pursuant to 28 U.S.C. § 1446(b), *i.e.,* within thirty (30) days after Defendants received the initial pleading.

15.     Venue is proper (for purposes of removal) in the Western District of Western Washington at Tacoma.  Venue is proper (for purposes of removal) in this District because this is the court for the district encompassing the place where this action is currently pending.  28 U.S.C. § 1441(a).  Venue is proper at Tacoma (for purposes of removal) because the cause of action arose, and the action is pending, in Clark County.  *See* Western District of Washington Local Civil Rule 3(e)(1).

16.     Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy of the Notice of Removal has been filed with the

Clerk of Court of the Superior Court of the State of Washington, in and for the County of Clark because Plaintiff commenced this action and filed her Complaint with the Superior Court.

### RESERVATION OF RIGHTS

17.  In the event this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

18.  Nothing in this Notice of Removal is intended to waive any defense, nor does it wave any defense.

WHEREFORE, Defendants respectfully request that this action now pending in the Clark County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Tacoma.

Dated: May 18, 2023

       *s/ Megan J. Crowhurst*
       Megan J. Crowhurst, WSBA #50795
       mcrowhurst@littler.com

       LITTLER MENDELSON, P.C.
       1300 SW 5th Avenue
       Wells Fargo Tower – Ste 2050
       Portland, OR 97201
       Telephone: 503.889.8940

       Attorney for Defendants

## CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1300 SW 5th Avenue Suite 2050, Portland, Oregon 97201. I hereby certify that on May 18, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

And via Email to the email addresses of the persons set forth below, *as a courtesy copy*.

**Attorneys for Plaintiff**

Zachary Walker, WSBA #46049
Kell, Alterman, & Runstein, L.L.P.
520 SW Yamhill Street, Suite 600
Portland, OR 97204
Tel: 503.222.3531
Fax: 503.227.2980
zwalker@kelrun.com

/s/ *Tanya Zharyuk*
Tanya Zharyuk
tzharyuk@littler.com
**LITTLER MENDELSON, P.C.**