Case 3:23-cv-05456-TMC   Document 1-1   Filed 05/18/23   Page 1 of 5

EFILE: Kell Alterman and Runstein LLP\Zachary Walker COMPLAINT

E-FILED
04-11-2023, 15:19
Scott G. Weber, Clerk
Clark County

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| MARIE GOODMAN, <br><br> Plaintiff, <br><br> v. <br><br> COOLVESTMENT LLC dba DAYS INN & SUITES, an Oregon limited liability company; and JOHN DOE, individually, <br><br> Defendant. | Case No. 23-2-00900-06 <br><br> **COMPLAINT** <br><br> **(PUBLIC ACCOMMODATION DISCRIMINATION)** |

Plaintiff Marie Goodman ("Plaintiff") hereby alleges as follows:

## PARTIES

1. Plaintiff is a resident of Clark County, State of Washington.

2. Defendant Coolvestment, LLC dba Days Inn & Suites ("Defendant Coolvestment") is an Oregon limited liability company that is registered to do business in the State of Washington. Defendant Coolvestment owns and operates a hotel located at 9107 NE Vancouver Mall Dr., Vancouver, Clark County, Washington (the "Days Inn"). The Days Inn is a place of public accommodation, as that term is used in RCW 49.60.040(2).

3. On information and belief, Defendant John Doe ("Defendant Doe") is a resident of Clark County, State of Washington. Defendant Doe is an agent, representative or employee of

Page 1 - COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Defendant Coolvestment. Defendant Doe's real name is presently unknown to Plaintiff.

## VENUE

4. Venue is proper in Clark County, Washington pursuant to RCW 4.12.020(3) because all allegations herein arose in Clark County, State of Washington.

## COMMON ALLEGATIONS

5. Plaintiff is deaf and she uses a trained service dog to alert her to sounds in the environment, such as a knock on the door or a fire alarm. Plaintiff brings her service dog, Aura, with her whenever she goes out in public.

6. On or about November 25, 2022, Plaintiff and her fiancée travelled to Vancouver, Washington because they were considering moving to the area and wanted to look at real estate. They were staying for two nights and booked a reservation through Expedia at the Days Inn.

7. When Plaintiff and her fiancée went to check in to the hotel, they spoke with a man at the front desk, Defendant Doe, who they understood to be the manager. As she always did when going out in public, Plaintiff had brought her service dog with her, but had left the dog in the truck while they checked in. When Plaintiff told Defendant Doe that her service dog would be staying with her, he handed Plaintiff and her fiancée a pet form to complete and told them that they would need to pay an additional pet fee for the dog to stay in the room with them. Plaintiff explained that the dog was a service dog, not a pet. She told him that, under the Americans with Disabilities Act ("ADA"), the hotel was not permitted to charge a pet fee for service animals. She also showed Defendant Doe her service dog's identification card showing that she was a trained service animal.

8. Defendant Doe then became increasingly hostile towards Plaintiff and her fiancée. He began screaming at them and slamming things around. He jabbed his finger into Plaintiff's fiancée's chest. Defendant Doe was insistent that they needed to pay the pet fee or he would not allow them to stay in the room. Plaintiff reiterated that it was against the law to charge a pet fee for a service animal. Defendant Doe then told them that they had to leave. Plaintiff agreed to

Page 2 - COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01464689

Exhibit 1
Pages 2 of 5

1  leave, but said that she first wanted a refund for the room she had already paid for. Defendant
2  Doe refused.

3      9.    Plaintiff then contacted Expedia through its online chat portal. She explained the
4  situation and described how Defendant Doe was yelling at them. The Expedia representative
5  told her that he would need to contact the hotel owner to get the refund approved. Plaintiff
6  remained in the lobby of the hotel while she was chatting with the Expedia representative and
7  Defendant Doe continued yelling at her and her fiancée. Defendant Doe then proceeded to call
8  the police on Plaintiff and her fiancée. Just after Plaintiff reported to the Expedia representative
9  that the police had been called on them, the representative told her that the hotel owner had
10 approved the refund. Plaintiff and her fiancée then left the hotel just as the police were arriving.

11     10.    Plaintiff and her fiancée left the property and searched for a new place to stay
12 during the weekend. They eventually found a room at the Best Western that cost almost $150
13 more than the room at the Days Inn.

14     11.    The incident had a profound effect on Plaintiff. She had stayed in hotels many
15 times with her service dog without issue. This was the first time she had been treated differently
16 because of her disability and need to use a service animal. The discrimination she experienced
17 and the feeling that she was not welcome at the hotel simply because of her disability caused
18 Plaintiff exacerbation of her PTSD and anxiety, humiliation, depression, and severe emotional
19 distress.

20     12.    At all material times, Defendant Doe was an agent, representative or employee of
21 Defendant Coolvestment and acting within the scope of his agency, representation or
22 employment.

## FIRST CLAIM FOR RELIEF

(Public Accommodation Discrimination – RCW 49.60.030)

(Against Defendant Coolvestment)

26     13.    Plaintiff realleges and incorporates paragraphs 1 through 12.

Page 3 - COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01464689

Exhibit 1
Pages 3 of 5

14. Defendant Coolvestment violated the provisions of RCW 49.60.030 by treating Plaintiff differently and subjecting her to additional conditions than other customers on account of her disability and use of a trained service animal.

15. As a direct and proximate result, Plaintiff is entitled to compensatory economic and noneconomic damages to be determined at trial pursuant to RCW 49.60.030(2).

16. Plaintiff is entitled to an award of attorney fees pursuant to RCW 49.60.030(2) along with costs and disbursements incurred herein.

## SECOND CLAIM FOR RELIEF

(Aiding and Abetting – RCW 49.60.220)

(Against Defendant Doe)

17. Plaintiff realleges and incorporates paragraphs 1 through 16.

18. Both Defendant Coolvestment and Defendant Doe are persons as that term is used in RCW 49.60.040(19).

19. RCW 49.60.220 prohibits any person from aiding, abetting, encouraging or inciting from obstructing or preventing any other person from complying with the provision of RCW Chapter 49.60.

20. Defendant Doe aided, abetted, encouraged and/or incited Defendant Coolvestment to violate RCW 49.60.030 and/or obstructed or prevented Defendant Coolvestment from complying with RCW 49.60.030.

21. As a direct and proximate result, Plaintiff is entitled to economic and nonecomonic compensatory damages to be determined at trial pursuant to RCW 49.60.030(2).

22. Plaintiff is entitled to an award of attorney fees pursuant to RCW 49.60.030(2)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter its judgment against Defendants as follows:

(1) On Plaintiff's First Cause of Action, compensatory damages in an amount to be

Page 4 - COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01464689

Exhibit 1
Pages 4 of 5

1. determined at trial and attorney fees pursuant to RCW 49.60.030(2);

2. (2) On Plaintiff's Second Cause of Action, compensatory damages in the amount to be determined at trial and attorney fees pursuant to RCW 49.60.030(2),

3. (3) For Plaintiff's costs and disbursements incurred herein; and

4. (4) For such other relief as the Court may deem just and reasonable.

Dated this __ day of April, 2023.

KELL, ALTERMAN & RUNSTEIN, L.L.P.

_____
Zachary Walker, WSBA No. 46049
Kell, Alterman, & Runstein, L.L.P.
520 SW Yamhill Street, Suite 600
Portland, OR 97204
Telephone: (503) 222-3531
Fax: (503) 227-2980
zwalker@kelrun.com
Of Attorneys for Plaintiff

Page 5 - COMPLAINT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01464689

Exhibit 1
Pages 5 of 5