**ZACHARY WALKER,** WSBA No. 46049
ZWALKER@KELRUN.COM
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR 97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiff

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIE GOODMAN and EUGENE MCNERNEY,<br><br>Plaintiffs,<br><br>v.<br><br>COOLVESTMENT LLC dba DAYS INN & SUITES, an Oregon limited liability company; and NIRAV PATEL, individually,<br><br>Defendants. | Case No. 3:23-CV-05456-BJR<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Public Accommodation Discrimination)** |

Plaintiffs Marie Goodman ("Plaintiff Goodman") and Eugene McNerney ("Plaintiff McNerney") (collectively "Plaintiffs") hereby allege as follows:

## PARTIES

1. Plaintiffs are residents of Clark County, State of Washington.

2. Defendant Coolvestment, LLC dba Days Inn & Suites ("Defendant Coolvestment") is an Oregon limited liability company that is registered to do business in the State of Washington. Defendant Coolvestment owns and operates a hotel located at 9107 NE Vancouver Mall Dr.,

FIRST AMENDED COMPLAINT — Page 1

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01524868

Vancouver, Clark County, Washington (the "Days Inn"). The Days Inn is a place of public accommodation, as that term is used in RCW 49.60.040(2).

3. On information and belief, Defendant Nirav Patel ("Defendant Patel") is a resident of the State of Oregon. Defendant Patel is an agent, representative or employee of Defendant Coolvestment.

## VENUE

4. This action was originally filed in Superior Court in Clark County, Washington. Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

## COMMON ALLEGATIONS

5. Plaintiff Goodman is deaf and she uses a trained service dog to alert her to sounds in the environment, such as a knock on the door or a fire alarm. Plaintiff Goodman brings her service dog, Aura, with her whenever she goes out in public.

6. On or about November 25, 2022, Plaintiffs travelled to Vancouver, Washington because they were considering moving to the area and wanted to look at real estate. They were staying for two nights and booked a reservation through Expedia at the Days Inn.

7. When Plaintiffs went to check in to the hotel, they spoke with a man at the front desk, Defendant Patel, who they understood to be the manager. As she always did when going out in public, Plaintiff Goodman had brought her service dog with her, but had left the dog in the truck while they checked in. When Plaintiff Goodman told Defendant Patel that her service dog would be staying with her, he handed Plaintiffs a pet form to complete and told them that they would need to pay an additional pet fee for the dog to stay in the room with them. Plaintiff Goodman explained that the dog was a service dog, not a pet. She told him that, under the Americans with Disabilities Act ("ADA"), the hotel was not permitted to charge a pet fee for service animals. She also showed Defendant Patel her service dog's identification card showing that she was a trained service animal.

FIRST AMENDED COMPLAINT                                                                 Page 2

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01524868

8. Defendant Patel then became increasingly hostile towards Plaintiffs. He began screaming at them and slamming things around. He jabbed his finger into Plaintiff McNerney's chest. Defendant Patel was insistent that they needed to pay the pet fee or he would not allow them to stay in the room. Plaintiff Goodman reiterated that it was against the law to charge a pet fee for a service animal. Defendant Patel then told them that they had to leave. Plaintiff Goodman agreed to leave, but said that she first wanted a refund for the room she had already paid for. Defendant Patel refused.

9. Plaintiff Goodman then contacted Expedia through its online chat portal. She explained the situation and described how Defendant Patel was yelling at them. The Expedia representative told her that he would need to contact the hotel owner to get the refund approved. Plaintiffs remained in the lobby of the hotel while Plaintiff Goodman was chatting with the Expedia representative and Defendant Patel continued yelling at them. Defendant Patel then proceeded to call the police on Plaintiffs. Just after Plaintiff Goodman reported to the Expedia representative that the police had been called on them, the representative told her that the hotel owner had approved the refund. Plaintiffs then left the hotel and Defendant Patel notified the police that it was not necessary to send an officer.

10. Plaintiffs left the property and searched for a new place to stay during the weekend. They eventually found a room at the Best Western that cost almost $150 more than the room at the Days Inn.

11. The incident had a profound effect on Plaintiff Goodman. She had stayed in hotels many times with her service dog without issue. This was the first time she had been treated differently because of her disability and need to use a service animal. The discrimination she experienced and the feeling that she was not welcome at the hotel simply because of her disability caused Plaintiff Goodman exacerbation of her PTSD and anxiety, humiliation, depression, and

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01524868

severe emotional distress. Plaintiff McNerney has also suffered emotional distress as a result of the incident.

12. At all material times, Defendant Patel was an agent, representative or employee of Defendant Coolvestment and acting within the scope of his agency, representation or employment.

### FIRST CLAIM FOR RELIEF

(Public Accommodation Discrimination – RCW 49.60.030)

(Against Defendant Coolvestment)

13. Plaintiffs reallege and incorporate paragraphs 1 through 12.

14. Defendant Coolvestment violated the provisions of RCW 49.60.030 by treating Plaintiff Goodman differently and subjecting her to additional conditions than other customers on account of her disability and use of a trained service animal. Defendant Coolvestment also violated the provisions of RCW 49.60.030 by treating Plaintiff McNerney different and subjecting him to additional conditions than other customers because of his association with Plaintiff Goodman.

15. As a direct and proximate result, Plaintiffs are entitled to compensatory economic and noneconomic damages to be determined at trial pursuant to RCW 49.60.030(2).

16. Plaintiffs are entitled to an award of attorney fees pursuant to RCW 49.60.030(2) along with costs and disbursements incurred herein.

### SECOND CLAIM FOR RELIEF

(Aiding and Abetting – RCW 49.60.220)

(Against Defendant Patel)

17. Plaintiffs reallege and incorporate paragraphs 1 through 16.

18. Both Defendant Coolvestment and Defendant Patel are persons as that term is used in RCW 49.60.040(19).

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01524868

19. RCW 49.60.220 prohibits any person from aiding, abetting, encouraging or inciting from obstructing or preventing any other person from complying with the provision of RCW Chapter 49.60.

20. Defendant Patel aided, abetted, encouraged and/or incited Defendant Coolvestment to violate RCW 49.60.030 and/or obstructed or prevented Defendant Coolvestment from complying with RCW 49.60.030.

21. As a direct and proximate result, Plaintiffs are entitled to economic and noneconomic compensatory damages to be determined at trial pursuant to RCW 49.60.030(2).

22. Plaintiffs are entitled to an award of attorney fees pursuant to RCW 49.60.030(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter its judgment against Defendants as follows:

(1) On Plaintiffs' First Cause of Action, compensatory damages in an amount to be determined at trial and attorney fees pursuant to RCW 49.60.030(2);

(2) On Plaintiffs' Second Cause of Action, compensatory damages in the amount to be determined at trial and attorney fees pursuant to RCW 49.60.030(2),

(3) For Plaintiffs' costs and disbursements incurred herein; and

(4) For such other relief as the Court may deem just and reasonable.

DATED this 16th day of August, 2023.

_____
ZACHARY WALKER
115461
503/222-3531
**Attorneys for Plaintiffs**

FIRST AMENDED COMPLAINT                                             Page 5

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01524868