UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIE GOODMAN,<br><br>              Plaintiff,<br><br>    v.<br><br>COOLVESTMENT LLC,<br><br>              Defendant. | Case No. 3:23-cv-05456-TMC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court is Defendant Coolvestment LLC's motion for summary judgment (Dkt. 33). Because the outcome of Plaintiff Marie Goodman's claim turns on genuine factual disputes that must be resolved by a jury, the Court DENIES the motion.

### I.    PROCEDURAL HISTORY

On April 11, 2023, Goodman filed her complaint in Clark County Superior Court asserting (1) a claim against Coolvestment as the owner and operator of the Days Inn of Vancouver, Washington under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030, for denying her hotel accommodation when she refused to pay a prohibited fee for her service dog; and (2) a claim against Coolvestment's hotel manager for aiding and abetting disability discrimination. Dkt. 1-1 at 4–5.

On May 18, 2023, Coolvestment removed the case to this Court (Dkt. 1) and answered

Goodman's complaint on May 22 (Dkt. 7). Goodman amended her complaint on August 16, 2023, to identify the defendant hotel manager as Nirav Patel. Dkt. 13. On February 23, 2024, Coolvestment moved for summary judgment. Dkt. 33.

On March 12, 2024, the parties agreed to dismiss Eugene McNerney (Goodman's fiancée) as a plaintiff, dismiss all of Goodman's claims against Coolvestment's hotel manager Nirav Patel, and dismiss all of Patel and Coolvestment's counterclaims. Dkt. 37 at 1–2. Goodman then responded to Coolvestment's motion for summary judgment (Dkt. 39) and Coolvestment replied as to her remaining claim of disability discrimination in a place of public accommodation (Dkt. 43).

## II.   FACTUAL BACKGROUND

The facts that follow are based on the evidence in the record taken in the light most favorable to Plaintiff Goodman, with all genuine disputes and reasonable inferences resolved in her favor, as required at summary judgment.

On November 25, 2022, Goodman traveled to Vancouver, Washington with her fiancée McNerney to view real estate in the area. Dkt. 40 at 2. She had made a two-night reservation through Expedia to stay at the Days Inn. *Id*. Goodman has impaired hearing and uses a service dog to assist with emergency awareness and when out in public. *Id*. Goodman left her dog in their truck when she and McNerney went to check into the hotel, but she informed the hotel manager at the front desk, Nirav Patel, that she had a service dog that would be staying with her at the hotel. *Id*. According to Goodman's sworn declaration, Patel then handed her a "pet form" to complete and informed her that she would need to pay a "pet fee." *Id*.

Goodman testified at her deposition that she then told Patel that her service dog was not a pet and he responded she would still have to pay the fee. Dkt. 42-2 at 3. According to Goodman's testimony, when she protested that a fee could not be charged for a service animal

under the Americans with Disabilities Act, Patel became increasingly hostile in response. *Id*. at 2 ("[Patel] began to get a little hostile and [McNerney] stepped in to try to communicate with him because I was having a harder time because of his accent, but it got more and more hostile.").

Goodman's fiancée, Eugene McNerney, was also present and intervened when Patel became hostile towards Goodman. Dkt. 41 at 2. McNerney testified in his declaration that the form handed to Goodman was a pet agreement "with the rules for having a pet at the hotel and an agreement to pay a pet fee." *Id*. He stated that Patel said Goodman was not being charged a pet fee, Dkt. 42-4 at 2 ("[Mr. Patel] said no, we weren't being charged. And [Goodman] said yes, and she was – she was reading the paperwork and – and pointing at it."), but Goodman recalled that the pet form contained a pet fee. *See* Dkt. 42-2 at 4 ("Q. Okay. So despite English being [Patel's] second language and your condition of being hearing impaired, your testimony is there's no chance that one of you misunderstood the other during your exchange? A. No. And the reason why is because the paper said very clearly in English, 'Pet fee, $25.'").

Patel testified at his deposition that Goodman had refused the hotel's incidental fees and that he had tried to explain how that fee was mandatory but would be refunded at checkout. Dkt. 42-1 at 4. He also maintained that when Goodman informed him she had a service animal, he had told her that while the hotel charged pet fees, it would not charge them for a service animal. *Id*. at 5 ("They said they had service animal. I said, that's not charging. We are charging pet fee, which is $10. We are not able to charge for them, because you mentioned it's a service animal."). Patel did not recall when exactly the encounter became hostile but stated that he called the police sometime after Goodman objected to paying the incidental fees. *Id*. at 4.

McNerney testified that Patel had difficulty understanding Goodman but ignored her when she tried to type out statements to show him on her phone. Dkt. 42-4 at 2–3. McNerney says he also told Patel that the hotel should not be charging a pet fee for a service dog and that

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Patel slapped his hand away when McNerney pointed at the text at issue on the pet form. *Id*. at 3. Patel then told Goodman and McNerney to leave and that he would be calling the police. *See* Dkt. 40 at 3; Dkt. 42-4 at 3. Goodman also testified, in both her deposition and her declaration, that Patel told them they could not stay at the hotel when they refused to pay the pet fee. Dkt. 34 at 35 ("So I said, 'I'm refusing to pay the pet fee.' He said, 'Okay. Then get out. Get out.'"); Dkt. 40 at 3 ("He was insistent that we needed to pay the pet fee or he would not allow us to stay in the room.")

Goodman agreed to leave but told Patel that she first wanted a refund of her pre-paid hotel room. Dkt. 40 at 3. Patel told her to contact Expedia. *See* Dkt. 40-1 at 2. Goodman then requested a refund from Expedia customer service using a chat function while in the hotel lobby. *See* Dkt. 40-1 at 1, 5, 9; Dkt. 41 at 2. Expedia customer service called the hotel to approve the refund, Dkt. 40-1 at 5, the refund was approved, *id*. at 9, and Goodman and Mr. McNerney left the hotel. Dkt. 40 at 4; Dkt. 41 at 2.

### III.   LEGAL STANDARDS

#### A.   Jurisdiction and Applicable Law

The Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a). First, the opposing parties are citizens of different states: Plaintiff Marie Goodman is a Washington citizen, Dkt. 1-1 at 1, while the member-owners of the Defendant limited liability company Coolvestment, Ashraf Ahmed and Enamu Amyeen, are both Oregon citizens, Dkt. 2 at 1; *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that the citizenship of a limited liability company is determined by the domicile(s) of its members). Next, the amount in controversy exceeds $75,000, based on Goodman's claims for non-economic compensatory damages, with the exact amount to be determined at trial. Dkt. 1 at 2; Dkt. 1-1 at

4. Because the Court is sitting in diversity, substantive claims are governed by state law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And a fact dispute is "material" "only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim for which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

The evidence relied upon by the nonmoving party must be able to be "presented in a form that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(2). "'The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). Even circumstantial evidence can defeat summary judgment if inferences drawn in the non-moving party's favor are reasonable. *McLaughlin v. Liu*, 849 F.2d 1205, 1208–09 (9th Cir. 1988).

### C.     Washington Law Against Discrimination

The relevant provision of the WLAD states that there is a right to be free from discrimination due to any "sensory, mental, or physical disability, or the use of a trained dog guide or service animal," and an accompanying right to the full enjoyment of any public accommodation. *See* RCW 49.60.030(1)(b). Implementing regulations for the law against

discrimination prohibit any requirement that a person with a disability accompanied by a trained dog guide or service animal "pay an extra charge for the trained dog guide or service animal." *See* Wash. Admin. Code 162-26-070(2).

## IV.   DISCUSSION

Coolvestment makes two arguments for summary judgment on Goodman's remaining claim for disability discrimination in public accommodation. *See* Dkt. 13 at 4–5; Dkt. 33 at 8–9; Dkt. 37 at 1–2. First, Coolvestment argues that Goodman cannot show she was discriminated against because her testimony—that Patel insisted on charging a pet fee for her service dog, and then told her to leave when she refused to pay—is contradicted by McNerney and Patel's deposition testimony that Patel said no pet fee would be charged (even if the written form required a pet fee). Dkt. 33 at 9. Second, Coolvestment argues Goodman lacks a basis for her discrimination claim because she did not pay any prohibited fee and instead refused to finish checking into the hotel. Dkt. 33 at 10.

### A.   Summary judgment is prohibited because there remains a genuine dispute as to material facts.

Coolvestment's first argument, that Goodman's discrimination claim is "supported by nothing more than speculation and self-serving testimony" Dkt. 33 at 7, is inapplicable at summary judgment. Although a declaration "that states only conclusions and not facts that would be admissible evidence" is insufficient to create a genuine fact dispute at summary judgment, factual testimony supporting a party's claim may not be disregarded just because it is "self-serving." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497–98 (9th Cir. 2015) ("We have previously acknowledged that declarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position.") Here, Goodman has testified as to her own recollection of the facts, which is admissible at trial and tends to

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

support her position, *id.*, and the Court must draw all justifiable inferences in her favor and accept her evidence as truthful at summary judgment. *Tolan*, 572 U.S. at 651.

Goodman's testimony presents a genuine and direct dispute of material fact. She has testified that Patel attempted to charge her a prohibited fee for lodging her service dog and then denied her accommodation when she refused to pay. Dkt. 42-2 at 3. Patel has testified that he did not attempt to charge such a fee, and instead made Goodman leave because she became hostile while filling out check-in paperwork and refused the hotel's incidental fees. *See* Dkt. 33 at 11; Dkt. 42-1 at 4–5. Goodman and her fiancée have also testified that after she informed Patel that she would not pay a pet fee for her service dog, Dkt. 42-2 at 3, he became hostile and told them to leave the hotel and that he would call the police. Dkt. 40 at 3; Dkt. 42-4 at 3.

The WLAD prohibits charging for a service animal and denying a person full enjoyment of public accommodation due to their disability. *See* RCW 49.60.030(1)(b); Wash. Admin. Code 162-26-070(2). Here, accepting Goodman's testimony as true and drawing justifiable inferences in her favor, *McLaughlin*, 849 F.2d at 1208–09, a reasonable jury could find Goodman was told to leave the Days Inn and was denied an accommodation because of her disability and her use of a service dog. While Coolvestment and Patel dispute Goodman's account, this is precisely the type of factual dispute that may not be resolved by the Court at summary judgment. *In re Barboza*, 545 F.3d at 707; *Villiarimo*, 281 F.3d at 1061.

**B.  Coolvestment cannot disclaim discriminating against Goodman simply because it failed to collect a discriminatory fee.**

Coolvestment's second argument, that Goodman did not suffer discrimination because she did not pay any prohibited discriminatory fee, is similarly unavailing. The WLAD prohibits charges for service animals, and for denying public accommodation on account of an individual's disability. *See* RCW 49.60.030(1)(b); Wash. Admin. Code 162-26-070(2). Just

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

because a person refuses to pay a discriminatory fee and avoids such a charge does not mean they avoided discrimination. The attempt to *impose* the charge is the discriminatory act, not whether the subject of discrimination ultimately paid it. Moreover, in this case—drawing justifiable inferences in Goodman's favor—Goodman was told to leave the Days Inn *because* she refused to pay the discriminatory pet charge. *See* Dkt. 40 at 3; Dkt. 42-4 at 3. This amounted to a denial of a public accommodation because of Goodman's disability (for which she had a service animal) and would also violate the WLAD. *See* RCW 49.60.030(1)(b).

## V.  CONCLUSION

For the reasons discussed above, Coolvestment's motion for summary judgment (Dkt. 33) is DENIED.

Dated this 3rd day of May, 2024.

Tiffany M. Cartwright
United States District Judge